# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ROBERT BOSCH LLC, | Case No.: 2:10-cv-01924-RLH-RJJ |
| Plaintiff, | **O R D E R** |
| vs. | (Motion to Transfer–#35; Motion to Consolidate–#83) |
| COREA AUTOPARTS PRODUCING CORPORATION and CAP AMERICA, | |
| Defendants. | |

Before the Court is Defendants Corea Autoparts Producing Corporation ("Corea Autoparts") and CAP America's (collectively "CAP") **Motion to Transfer** (##35–37, filed Mar. 29, 2011) under 28 U.S.C. § 1404. The Court has also considered Plaintiff Robert Bosch LLC's ("Bosch") Opposition (#40, filed Apr. 15, 2011), and CAPs' Reply (#41–43, filed Apr. 25, 2011).

## BACKGROUND

This dispute arises from Bosch's allegations that CAP has infringed on its patent for a wiper blade invention. Bosch alleges that CAP violated federal patent law, 35 U.S.C. § 271, *inter alia*, by making, importing, offering for sale, using, and selling wiper blades embodying its patented inventions, the CF4 and MA1 wiper blade products. (Dkt. #1, Compl. ¶¶ 2–14 (Patent Nos. 6,553,607; 6,675,434; 6,836,926; 6,944,905; 6,973,698; 7,293,321; 7,523,520). Bosch is a Delaware limited liability company with its principal place of business in Illinois (though Bosch

does not dispute that its automotive business is based out of Michigan). Corea Autoparts is a Korean company and CAP America is an automotive products manufacturer with its main offices in Farmington Hills, Michigan.

Bosch filed suit against CAP in Las Vegas while both companies (and many others Bosch sued at the same time) were present for the Automotive Aftermarket Products Expo. All but one other of these suits has since been settled or otherwise terminated. Now before the Court is CAP's motion to transfer this case to what it considers a more convenient forum for all parties involved, the Eastern District of Michigan, where both parties automotive businesses are headquartered. For the reasons discussed below, the Court grants CAP's motion.

## DISCUSSION

### I. CAP America's Motion to Transfer

#### A. Legal Standard

A motion to transfer an action pursuant to 28 U.S.C. § 1404(a) presents two basic questions: (1) whether the action sought to be transferred might have been brought in the proposed transferee district; and (2) whether the transfer would be for the convenience of parties and witnesses, in the interest of justice. *Int'l Patent Dev. Corp. v. Wyomont Partners*, 489 F. Supp. 226, 228 (D. Nev. 1980) (internal citation omitted). "A defendant over whom personal jurisdiction exists but for whom venue is improper may move for dismissal or transfer for improper venue under 28 U.S.C. § 1406(a). A defendant for whom venue is proper but inconvenient may move for a change of venue under 28 U.S.C. § 1404(a)." *Action Embroidery Corp. v. Atlantic Embroidery, Inc.*, 368 F.3d 1174, 1181 (9th Cir. 2004). Section 1404(a) states that "a district court may transfer any civil action to any other district or division where it might have been brought" for "the convenience of the parties and witnesses [and] in the interest of justice." The moving party must first show that the action could have been brought in the transferee district. *Goodyear Tire & Rubber Co. v. McDonnell Douglas Corp.*, 820 F. Supp. 503, 506 (C.D. Cal. 1992). The court then balances the competing public and private interest factors to

determine if transfer is appropriate, recognizing that "1404(a) provides for transfer to a more convenient forum, not to a forum likely to prove equally convenient or inconvenient," *Van Dusen v. Barrack*, 376 U.S. 612, 645–46 (1964). Additionally, "transfer should not be granted if the effect is simply to shift the inconvenience to the party resisting the transfer." *Id.* at 646. Nor is the court required to determine the best venue for the action. *Gherebi v. Bush*, 352 F.3d 1278, 1303 (9th Cir. 2003) (internal quotations omitted), *vacated on other grounds*, 542 U.S. 952 (2004). Generally, there is a strong presumption in favor of the plaintiff's choice of forum which must be taken into account when deciding whether transfer is required. *Id.* at 1303.

The Ninth Circuit has identified a number of public and private factors that a district court may consider on a case-by-case basis in deciding whether venue should be transferred. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498–99 (9th Cir. 2000). These factors include: (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) ease of access to sources of proof. *Id.* The Ninth Circuit has also concluded that the relevant public policy of the forum state, if any, is at least as significant a factor in the § 1404(a) balancing. *Id.*

**B.     Analysis**

      **1.     Transferee District**

The first question the Court must answer before addressing the various convenience factors set out by the Ninth Circuit is whether the case could have been brought in the proposed transferee district. Corea Autoparts has admitted and claims that its principal place of business is located at 34705 West 12 Mile Road, Farmington Hills, Michigan 48331 (Dkt. #89, Ans. to Am. Compl., Counterclaims ¶ 2), the same address as CAP America's principal place of business (Dkt. 43, Decl. of Sunghoon ("Eric") Lim, ¶ 6). While the Court is unclear on the exact legal

relationship between Corea Autoparts and CAP America (parent/subsidiary or whether Corea Autopoarts is just doing business as CAP America, etc.), at this point it is immaterial as Corea Autoparts has admitted to jurisdiction in the Eastern District of Michigan. While it may not have been clear prior to suit, it is clear now that this suit could have been brought in the Eastern District of Michigan when suit was originally filed.

### 2. Convenience Factors

#### i. Location of the Alleged Harm and Contacts with the Forum

CAP admits that its products are sold in Nevada, however, these same products are sold throughout the United States and there is no special connection to this forum. Without some special connection, this district has "no more or less of a meaningful connection to this case than any other venue." *In re TS Tech USA Corp.*, 551 F.3d 1315, 1321 (Fed. Cir. 2008) (applying Fifth Circuit law). The only really relevant connection to Nevada for purposes of this dispute was Bosch's ease in serving multiple parties in separate cases at a local trade show. This is insufficient to consider Nevada the location of the alleged harm. It is more appropriate to consider Michigan, where both Plaintiff and Defendants maintain their auto parts businesses, the location of the alleged harm.

Bosch further argues that this is the most appropriate forum because of its contacts here. Yet these contacts amount to trade show attendance and maintenance of a warehouse for its power tools division. While these are real contacts that cannot be entirely ignored, they are not substantial or really related to alleged patent infringement of wiper blade technology. Thus, these factors weigh slightly towards transfer.

#### ii. Plaintiff's Choice of Forum

This factor is neutral because Bosch is not a resident of Nevada. While a plaintiff's choice of forum is normally entitled to some level of deference (frequently a very high level), *Galli v. Travelhost, Inc.*, 602 F. Supp. 1260, 1262, (D. Nev. 1985), that level of deference is substantially less when the Plaintiff is not a resident of his chosen forum, *Miracle Blade, LLC v.*

*Ebrands Commerce Group, LLC*, 207 F.Supp.2d 1136, 1156 (D. Nev. 2002). Here, Bosch does not even contend that it is a Nevada resident and therefore its choice of forum is not an overly important consideration.

### iii. Cost

Bosch's arguments showing that the cost of litigating in Nevada would not be substantial are unpersuasive. While it is true that many technological and other factors would make litigating in Nevada not substantially more expensive than litigating elsewhere, it is likely to be more expensive as none of the likely witnesses or evidence are located here and neither are the companies to any real extent. *See TS Tech*, 551 F.3d at 1320. Thus, this factor favors transfer.

### iv. Compulsory Process

Bosch contends that CAP has not demonstrated that a transfer will make litigation more convenient to witnesses, particularly third-party witnesses, because CAP has not named any third-party witnesses located in Michigan. While technically true, CAP has named companies in Michigan (wiper-blade competitors) that it expects to have relevant witnesses to this litigation, particularly its defenses, and what these parties will testify to. In the interest of justice, the Court cannot expect CAP to know the names of the individual third-party witnesses at this stage of litigation; the companies they are a part of is sufficient. Accordingly, because CAP has presented sufficient evidence that many third-party witnesses will be located in Michigan and none in Nevada, this factor heavily favors transfer.

### v. Ease of Access to Evidence

This factor is somewhat unique. CAP argues that most evidence will be in Michigan where both companies automotive headquarters are located, but Bosch points out that Corea Autoparts is a Korean company and likely does its research and development in Korea. If the evidence is in Korea, then neither Nevada or Michigan are particularly more or less convenient. However, CAP's argument that much, if not most, of the evidence will be at its automotive headquarters in Michigan is persuasive. Thus, this factor weighs in favor of transfer.

5

### vi. Pendency of Related Litigation

This is the only factor that weighs towards keeping this case in this forum. Bosch initially filed suit against ten different companies on similar patent grounds. Eight of those cases have been terminated by default or settlement. This case and *Bosch v. ADM21*, 2:10-cv-01930-RLH-LRL, are the only two cases remaining. Recently, this Court denied a motion to transfer in *ADM21*. However, the facts and conveniences in that case were substantially different than present here. While the Court could exercise its discretion to deny transfer on this basis, *see In re Volkswagen of Am., Inc.*, 566 F.3d 1349, 1351 (Fed. Cir. 2009), the Court does not feel that this factor or issue outweighs the multiple evidentiary convenience factors. Thus, while this factor weighs against transfer, it does not weigh so strongly as to persuade the Court to maintain the case in this district.

In sum, after consideration of the relevant factors, the Court concludes that it should exercise its § 1404(a) discretion and transfer this case to the more convenient Eastern District of Michigan in the interest of justice.

## II. Bosch's Motion to Consolidate and CAP's Motion to Bifurcate

As the Court has determined to transfer this case, it cannot consolidate this case with *ADM21* or bifurcate the case in any way. However, the Court will leave it to the Eastern District of Michigan to rule on bifurcation. Accordingly, the Court denies Bosch's motion and defers ruling on CAP's motion to bifurcate.

/
/
/
/
/
/
/

AO 72
(Rev. 8/82)

**CONCLUSION**

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Defendants' Motion to Transfer (#35) is GRANTED. The Clerk of the Court is directed to transfer this case to the Eastern District of Michigan.

IT IS FURTHER ORDERED that Plaintiff's Motion to Consolidate (#83) is DENIED as moot.

IT IS FURTHER ORDERED that the Court defers ruling on Defendants' Motion to Bifurcate Trial and Stay (#84).

Dated: September 13, 2011.

_____
**ROGER L. HUNT**
**United States District Judge**