Mark Cantor (admitted *pro hac vice*)
mcantor@brookskushman.com
Marc Lorelli (admitted *pro hac vice*)
mlorelli@brookskushman.com
John M. Halan (admitted *pro hac vice*)
**Brooks Kushman P.C.**
1000 Town Center, 22nd Floor
Southfield, MI 48075
Tel: (248) 358-4400 – Fax: (248) 358-3351

Gary R. Goodheart
Nevada Bar # 1203
grg@jonesvargas.com
**Jones Vargas**
3773 Howard Hughes Parkway
Third Floor South
Las Vegas, NV  89169
Tel: (702) 862-3300 – Fax: (702) 737-7705

*Attorneys for CAP America Corea Autoparts
Producing Corporation d/b/a CAP America*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT BOSCH LLC,<br><br>    Bosch,<br><br>    v.<br><br>COREA AUTOPARTS PRODUCING CORPORATION d/b/a CAP AMERICA,<br><br>    CAP America. | Case No. 2:10-cv-01924-RLH-RJJ<br><br>**CAP America's Motion To Bifurcate Trial And Stay Discovery As To Damages, Willfulness, And Other Non-Liability Issues And Memorandum Of Points And Authorities**<br><br>[JURY TRIAL DEMANDED] |

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES .................................................................................... ii

MOTION ................................................................................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES ........................................... 2

I.     INTRODUCTION ........................................................................................... 2

II.    BACKGROUND ............................................................................................. 4

III.   ARGUMENTS ................................................................................................. 5

       A.     Bifurcation of Liability And Damages In the Interest
              Of Judicial Economy Is Common In Patent Cases ................................. 5

       B.     Bifurcation Of Trial Will Promote Judicial Economy And Efficiency ................ 6

             1.     With Bifurcation, A Damages Trial May Be Unnecessary ....................... 6

             2.     Bifurcation Would Minimize The Risk Of Juror Confusion
                   By Streamlining The Evidence And Issues Presented .............................. 7

             3.     Bifurcation Will Facilitate Overall Efficiency
                   In Resolution Of The Issues ................................................................... 9

       C.     Stay Of Discovery As To Damages And Willfulness Is Also Warranted ............ 9

             1.     A Stay Of Discovery As To Damages Will
                   Further Promote Efficiency And Judicial Economy ............................... 9

             2.     Courts Favor A Stay Of Discovery On The Issue Of Willfulness .......... 10

       D.     Bosch Would Not Be Prejudiced ........................................................... 12

IV.   CONCLUSION .............................................................................................. 13

# TABLE OF AUTHORITIES

## CASES

*Avia Group Internat'l, Inc. v. Nike, Inc.*,
    1991 WL 340569, *2 (D. Or. 1991).................................................................... 6, 8

*Bosch LLC v. Pylon Manufacturing Corp.*,
    U.S. Dist. of Delaware, Case No. 08-542 ............................................................... 8

*Calmar, Inc. v. Emson Research, Inc.*,
    850 F.Supp. 861, 866 (C.D. Cal. 1994) ............................................................. 5, 12

*Ciena Corp. v. Corvis Corp.*,
    210 FRD 519, 521 (D. Del. 2002) ....................................................................... 7, 9

*Dutch Branch of Streamserve Development AB v. Extream Software, LLC*,
    2009 WL 2705932, *1 (D. Del. 2009) ..................................................................... 10

*General Patent Corp. v. Hayes Microcomputer*,
    1997 WL 1051899, **1-2 (C.D. Cal. 1997) .......................................................... 8, 9

*In re Koger*,
    261 B.R. 528, 531-532 (Bkrtcy. M.D.Fla. 2001) ..................................................... 5

*Laboratory Skin Care, Inc. v. Limited Brands, Inc.*,
    757 F.Supp.2d 431, 441-442 (D. Del. 2010) ....................................................... 6, 7

*Masimo Corp. v. Philips Electronics North America Corp.*,
    742 F.Supp2d 492, 496 (D. Del. 2010) .................................................................... 5

*Mullally v Jones*,
    2007 WL 1213704, *3 (D. Nev. 2007) ................................................................. 5, 6

*Princeton Biochemicals, Inc. v. Beckman Instruments, Inc.*,
    180 FRD 254, 256-260 (D.N.J. 1997) ....................................................... 6, 7, 10, 11

*Quantum Corp. v. Tandon Corp.*,
    940 F.2d 642, 643-644 (Fed. Cir. 1991) ................................................................. 11

*Sage Products, Inc. v. Devon Industries, Inc.*,
    1994 WL 791601, *2 (C.D. Cal. 1994)............................................................. 10, 11

*Smith v Alyeska Pipeline Service Co.*,
    538 F.Supp. 977, 982-986 (D. Del. 1982) ............................................................... 6

*Wyeth v. Abbott Laboratories*,
　　2010 WL 4553545, *1 (D.N.J. 2010) .................................................................. 6, 8, 9, 10

*Yamaha Hatsudoki Kabushiki Kaisha v. Bombardier Inc.*,
　　2001 WL 501354, *3 (C.D. Cal. 2001) ....................................................................... 5, 10

**RULES**

Fed. R. Civ. P. 42 ................................................................................................................... 5

## MOTION

CAP America Corea Autoparts Producing Corporation d/b/a CAP America ("CAP America") moves pursuant to Fed. R. Civ. P. 42(b) to bifurcate trial into two phases — (1) liability and (2) damages, willfulness, and other non-liability issues. CAP America also moves to stay discovery on damages and willfulness pending a trial on liability.

In making this motion, CAP America relies upon the following Memorandum of Points and Authorities. Prior to making this motion, CAP America sought concurrence from the plaintiff, Robert Bosch LLC ("Bosch"), but such concurrence was denied.

**CAP America's Motion toBifurcate
Trial and Stay Discovery as to Damages, Willfulness,
and Other Non-Liability Issues and Memorandum
 of Points and Authorities in Support**          1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

CAP America Corea Autoparts Producing Corporation d/b/a CAP America ("CAP America") moves to bifurcate trial into two phases — (1) liability and (2) damages, willfulness, and other non-liability issues. CAP America also moves to stay discovery on damages and willfulness pending a trial on liability, as an adverse decision to plaintiff may make such discovery unnecessary or substantially limit the scope of such discovery.

Bifurcation is warranted because this is a complex patent case. On July 29, 2011, Bosch filed a First Amended Complaint (Dkt. #82) and is now asserting **54 different claims** from **9 different patents** against **5 different products**. Bosch is also now asserting willful infringement.

If bifurcated, in the event all or some of the asserted patents are found to be non-infringed or invalid during an initial liability phase, the need to litigate damages or willfulness relating to those patents would be eliminated or substantially limited. Furthermore, an initial liability phase finding – whether favorable to Bosch or CAP America – could facilitate settlement.

Bifurcation would also (1) minimize the risk of juror confusion resulting from the voluminous and complex evidence which otherwise would need to be presented as to both liability and damages, (2) promote judicial economy by narrowing the issues and evidence related to liability and (if necessary) damages, and (3) minimize pre-trial delays related to damages issues.

A stay of discovery on damages and willfulness is also warranted for essentially the same reasons. If liability is tried first and CAP America prevails in whole or part, the parties can avoid time-consuming discovery as to those patents deemed not infringed or invalid and the parties can make a more focused damages and willfulness presentation as to any remaining patents. A stay will also allow liability issues to be resolved without damages-related discovery delays.

**CAP America's Motion toBifurcate
Trial and Stay Discovery as to Damages, Willfulness,
and Other Non-Liability Issues and Memorandum
of Points and Authorities in Support**     2

CAP America also requests bifurcation because it may rely upon attorney opinion letters to defend against Bosch's willfulness claim.  Staying willfulness discovery unless and until liability for one or more of the patents-in-suit is established would allow CAP America to maintain the attorney-client privilege which attaches to such opinion letters until and unless needed to defend against Bosch's willfulness claim.  Bifurcation is favored when doing so will permit CAP America to avoid such a quandary.

For all of these reasons, CAP America moves to bifurcate trial and stay discovery as to damages, willfulness, or other relief.

**CAP America's Motion toBifurcate
Trial and Stay Discovery as to Damages, Willfulness,
and Other Non-Liability Issues and Memorandum
 of Points and Authorities in Support**          3

## II. BACKGROUND

July 29, 2011, Bosch filed a First Amended Complaint, alleging that 5 different automotive wiper blade products made and sold by CAP America infringe 54 different claims from 9 different patents, those being U.S. Patent Nos. 6,523,218, 6,553,607, 6,611,988, 6,675,434, 6,836,926, 6,944,905, 6,973,698, 7,293,321, and 7,523,520 (the "asserted patents"). (Dkt. #82 at ¶¶2-26; Appendix Exhibit 1, Bosch claim charts.)  Bosch also now asserts – for the first time as of the July 29, 2011 First Amended Complaint – that the alleged infringement was willful.[1]  (Dkt. #82, at ¶¶3, 7, 9, 11, 13, 15, 19, 23, 25, and WHEREFORE clause.)

While fact discovery has begun, there is currently no cut-off date.  At the April 13, 2011 scheduling hearing, this court determined "if this case is still in this jurisdiction beyond the claim construction hearing date, the court will revisit discovery dates." (Dkt. #39.)[2]  The stipulated amended scheduling order associated with Bosch's filing of the First Amended Complaint does not specify a claim construction hearing or discovery cut-off date, but merely provides that the due date for responsive claim construction briefs is now December 16, 2011.  (*See* Dkt. # 81.)

Discovery to date has been limited to document discovery – no depositions have been taken with one reason being that Bosch is still producing documents responsive to CAP America's original requests.  Also, no willfulness discovery has been conducted, and excepting a scant production of sales documents by Bosch, no damages discovery has taken place.

---

[1] Bosch previously asserted 36 claims from 7 patents against 5 accused products.  Bosch never alleged willful infringement before filing the First Amended Complaint

[2] CAP filed a motion to transfer to the home forum of both plaintiff Bosch and defendant CAP, the Eastern District of Michigan. (Dkt. ## 35-37.)  The Eastern District of Michigan is also the home of all major competitors in the wiper blade market as well as most automotive manufacturing customers.

**CAP America's Motion to Bifurcate
Trial and Stay Discovery as to Damages, Willfulness,
and Other Non-Liability Issues and Memorandum
 of Points and Authorities in Support**              4

# III. ARGUMENTS

A. **Bifurcation Of Liability And Damages In The Interest Of Judicial Economy Is Common In Patent Cases**

Fed. R. Civ. P. 42(b) permits bifurcation of the liability and damages phases of trial in the interest of judicial economy:

> SEPARATE TRIALS. For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial.

Bifurcation is common in patent cases.[3] It is within the sound discretion of the trial court to decide whether bifurcation is warranted. *See, e.g., Mullally v Jones*, 2007 WL 1213704, *3 (D. Nev. 2007).

Courts may consider a number of factors when ruling on a Rule 42(b) motion. Such factors may include, for example, "[the] complexity of issues, factual proof, risk of jury confusion, difference between the separated issues, the chance that separation will lead to economy in discovery, and the possibility that the first trial may be dispositive of the case." *Calmar, Inc. v. Emson Research, Inc.*, 850 F.Supp. 861, 866 (C.D. Cal. 1994). Weighing all relevant factors, "[m]otions to bifurcate are to be granted 'on a case by case basis only when the separation will result in judicial economy and will not unduly prejudice any party.'" *Id.* at 865.

As discussed more fully below, based on these factors, bifurcation in the present case is warranted.

---

[3] *See, e.g., Masimo Corp. v. Philips Electronics North America Corp.*, 742 F.Supp2d 492, 496 (D. Del. 2010) ("Bifurcation of patent . . . claims is not mandatory, but is common." (citation omitted)); *Yamaha Hatsudoki Kabushiki Kaisha v. Bombardier Inc.*, 2001 WL 501354, *3 (C.D. Cal. 2001) ("Bifurcation, while perhaps not routine, is nonetheless common in patent litigation." (citation omitted)); *In re Koger*, 261 B.R. 528, 531-532 (Bkrtcy. M.D.Fla. 2001) ("Patent litigation presents the most common venue for bifurcation, because issues of liability for infringement and corresponding damages are often distinct and distinctly complex." (citation omitted))

**B.     Bifurcation Of Trial Will Promote Judicial Economy And Efficiency**

Courts have long recognized that, given the uniquely complex nature of patent litigation, trying liability and damages issues separately is often prudent as it can simplify or entirely eliminate the need for a trial as to damages, minimize the risk of juror confusion by streamlining the issues, and facilitate settlement.[4]  Bifurcation can also conserve judicial resources and make a complex case more manageable for the Court, the parties and the jurors.[5]

Bifurcation in the present case is warranted for all of these reasons.

**1.     With Bifurcation, A Damages Trial May Be Unnecessary**

One of the purposes of allowing bifurcation "is to permit deferral of costly and possibly unnecessary discovery proceedings pending resolution of potentially dispositive preliminary issues." *Mullally*, 2007 WL 1213704 at *3 (*quoting Ellingson Timber Co. v. Great N. Ry. Co.*, 424 F.2d 497, 499 (9th Cir. 1970)).  Accordingly, courts often grant bifurcation in a situation such as the present case, where a ruling in favor of CAP America as to liability would obviate the need for a trial on damages in whole or part. *See, e.g.,Smith*, 538 F.Supp. at 983; *Laboratory Skin Care*, 757 F.Supp.2d at 442.  Courts note that where liability is resolved in a defendant's favor, even if only partially, a significant amount of the court, the jurors and the parties' time is saved and costs are greatly reduced. *See, e.g., Smith*, 538 F.Supp. at 983 ("A preliminary finding on the question of liability may well make unnecessary the damages inquiry, and thus result in substantial saving of time of the Court and counsel and reduction of expense to the

---

[4] *See, e.g., Smith v Alyeska Pipeline Service Co.*, 538 F.Supp. 977, 982-986 (D. Del. 1982); *Avia Group Internat'l, Inc. v. Nike, Inc.*, 1991 WL 340569, *2 (D. Or. 1991); *Princeton Biochemicals, Inc. v. Beckman Instruments, Inc.*, 180 FRD 254, 256-260 (D.N.J. 1997); *Laboratory Skin Care, Inc. v. Limited Brands, Inc.*, 757 F.Supp.2d 431, 441-442 (D. Del. 2010).

[5] *See, e.g., Wyeth v. Abbott Laboratories*, 2010 WL 4553545, *1 (D.N.J. 2010) ("Indeed, 'experienced judges use bifurcation ... both to simplify the issues in patent cases and to maintain manageability of the volume and complexity of the evidence presented to a jury.'"); *Laboratory Skin Care*, 757 F.Supp.2d at 442 ("Judicial resources may be conserved through bifurcation, as liability may not be found, or even if found it may simplify the subsequent damages and willfulness trial. The burden on the jury, and risk of juror confusion, will also be reduced by trying these issues separately.")

**CAP America's Motion toBifurcate
Trial and Stay Discovery as to Damages, Willfulness,
and Other Non-Liability Issues and Memorandum
 of Points and Authorities in Support**                6

parties.")(citation omitted); *Laboratory Skin Care*, 757 F.Supp.2d at 442 ("Judicial resources may be conserved through bifurcation, as liability may not be found, or even if found it may simplify the subsequent damages and willfulness trial.").

Likewise in this case, bifurcating liability and damages can conserve judicial resources and minimize costs for the parties by eliminating the need to unnecessarily litigate damage issues which become moot if jurors find that all or some of the asserted patents are not infringed or invalid. Rule 42 was enacted to eliminate the need for "such potentially fruitless endeavors." *Princeton Biochemicals*, 180 FRD at 259.

### 2. Bifurcation Would Minimize The Risk Of Juror Confusion By Streamlining The Evidence And Issues Presented

Because this case involves multiple claims of multiple patents, multiple accused products, and highly technical proofs, and will likely require the review of an extremely large volume of documents,[6] there is a significant risk of juror confusion if the liability and damages phases are not bifurcated. *See, e.g., Laboratory Skin Care,* 757 F.Supp.2d at 442 (Court bifurcated liability from damages and willfulness where the "burden on the jury, and risk of juror confusion, will also be reduced by trying these issues separately."); *Smith*, 538 F.Supp. at 984-985 (finding that bifurcation was warranted where the damages issue was complex and would require review of voluminous documents). Under analogous circumstances, numerous courts have found that bifurcation would enhance juror comprehension of the issues.

For instance, in *Ciena Corp. v. Corvis Corp.*, 210 FRD 519, 521 (D. Del. 2002), where 5 patents were at issue, the Court granted defendant's motion to bifurcate and identified the benefits of such bifurcation to the jurors:

---

[6] While this case is still in the initial stage of discovery, Bosch has already produced over 850,000 pages of documents.

**CAP America's Motion toBifurcate**
**Trial and Stay Discovery as to Damages, Willfulness,**
**and Other Non-Liability Issues and Memorandum**
 **of Points and Authorities in Support**            7

> Many scholars have endorsed bifurcation in complex cases as a method of improving juror comprehension. Specifically, bifurcation might enhance jury decision making in two ways: (1) by presenting the evidence in a manner that is easier for the jurors to understand, and (2) by limiting the number of legal issues the jury must address at any particular time.

(citation omitted).

Likewise in *Wyeth v. Abbott Laboratories*, *supra*, where 3 patents and multiple accused products were at issue and the liability and damages issues were complex, the Court stated that "[b]ifurcation will allow the jury to focus on the complicated issues of infringement and validity without simultaneously having to consider evidence relating to various theories of damages." 2010 WL 4553545 at *2. *See also Avia Group Internat'l, Inc. v. Nike, Inc.*, 1991 WL 340569 (D. Or. 1991)(bifurcation of liability and damages granted where there were 5 patents-in-suit and at least 8 accused products); *General Patent Corp. v. Hayes Microcomputer*, 1997 WL 1051899, **1-2 (C.D. Cal. 1997) (granting bifurcation where the case involved multiple patents and accused products).

Indeed, in a prior suit brought by Bosch claiming infringement of 4 patents involving the same technology at issue here (2 of the same patents are also asserted in this case), the court granted a motion for bifurcation of liability and damages in part to alleviate the burden on jurors in navigating liability issues relating to multiple patents and complex technical issues as well as damages:

> Aside from the burden imposed on the court, the burden imposed on a jury in a patent trial is extraordinary. More specifically, juries are tasked with resolving complex technical issues regarding infringement and invalidity, many times with respect to multiple patents and/or multiple prior art references. Absent bifurcation, jurors then are expected to understand the commercial complexities of the relevant market . . . in order to determine the economic consequences of their liability decisions.

(Exhibit C, Memorandum Order at ¶(1)(b); *See also* Exhibit D, First Amended Complaint, *Bosch LLC v. Pylon Manufacturing Corp.*, U.S. Dist. of Delaware, Case No. 08-542.)

Here, the risk that jurors would be overwhelmed if issues of liability and damages were litigated in one lengthy trial is even higher inasmuch as there are 54 different asserted patent

**CAP America's Motion to Bifurcate
Trial and Stay Discovery as to Damages, Willfulness,
and Other Non-Liability Issues and Memorandum
 of Points and Authorities in Support**          8

claims, 9 different asserted patents, 5 different accused products, and multiple affirmative defenses.  The proofs and documents to be presented on the issue of liability alone will be voluminous and highly technical.  Therefore, as numerous courts have found where even fewer patents were at issue, bifurcation is warranted, if not essential, to minimize the risk of juror confusion by allowing jurors to focus on one issue at a time.

        **3.**      **Bifurcation Will Facilitate Overall Efficiency In Resolution Of The Issues**

In addition to the above benefits of bifurcation in complex patent cases such as this one, courts recognize that bifurcation facilitates more efficient case and trial management and may even promote settlement after the liability phase.  *See, e.g., Wyeth*, 2010 WL 4553545 at *1 ("[E]xperienced judges use bifurcation . . . both to simplify the issues in patent cases and to maintain manageability of the volume and complexity of the evidence presented to the jury."); *Ciena Corp.*, 210 FRD at 521 (same); *Smith*, 538 F.Supp. at 984 ("[S]eparate trial of the issue of liability may present counsel the opportunity to obtain final settlement of that issue or appeal without having reached the often time-consuming and difficult damages question."); *General Patent Corp.*, 1997 WL 1051899 at *1 (noting that resolution of liability issues can prompt settlement as to damages).

For all of these reasons, CAP America moves for bifurcation at trial of the issues of liability and damages/willfulness.

**C.**    **Stay of Discovery As To Damages and Willfulness Is Also Warranted**

        **1.**      **A Stay Of Discovery As To Damages Will Further Promote Efficiency And Judicial Economy**

For all of the reasons set forth above, CAP America requests a stay of discovery as to damages pending resolution of the liability issues.  As with bifurcation at trial, staying damages discovery may eliminate the need for damages discovery entirely — which excepting a scant production of sales documents by Bosch, has not begun — or at least significantly limit its scope, if liability is resolved in CAP America's favor as to all or some of the asserted patents.  The

potential cost and time savings would be significant due to the number of patents and accused products at issue in this case.

Numerous courts have agreed that a stay of discovery as to damages is appropriate in order to avoid unnecessary expense and effort. *See Princeton Biochemicals*, 180 FRD at 260; *Dutch Branch of Streamserve Development AB v. Extream Software, LLC*, 2009 WL 2705932, *1 (D. Del. 2009); *Wyeth*, 2010 WL 4553545 at *2; *Smith*, 538 F.Supp. at 984-986.

Also, a stay of damages discovery will expedite trial on the merits because the proceedings will not be delayed due to damages-related discovery disputes. *See Dutch Branch*, 2009 WL 2705932 at *1 ("[I]n my experience, discovery disputes related to document production on damages and the *Daubert* motion practice related to damages experts are a drain on scarce judicial resources.")(footnote omitted).

### 2. Courts Favor A Stay Of Discovery On The Issue of Willfulness

Because Bosch has now alleged willful infringement in its July 29, 2011 First Amended Complaint -- regarding which no discovery has been conducted -- CAP America also requests a stay of discovery as to that issue until after liability issues are resolved, if necessary. Claims of willfulness present a catch-22 for defendants who wish to defend against such a claim by relying upon a prior attorney opinion letter. *See Sage Products, Inc. v. Devon Industries, Inc.*, 1994 WL 791601, *2 (C.D. Cal. 1994). Such a defendant is forced to either waive what would otherwise be a privileged communication that may reveal tactical strategies before liability is even established or forego the defense. *Id*.

Courts have held, however, that a defendant such as CAP America should not be burdened with such a choice:

> [Defendant] should not be placed in the position of either having to waive the attorney-client privilege during the liability phase, thus providing [Bosch] with valuable information it would not otherwise be entitled to, or in waiving a defense to willfulness.

*Yamaha*, 2001 WL 501354 at *3.

**CAP America's Motion toBifurcate
Trial and Stay Discovery as to Damages, Willfulness,
and Other Non-Liability Issues and Memorandum
 of Points and Authorities in Support**                    10

Therefore, courts allow a defendant to avoid this dilemma by separating the issue of willfulness from liability at trial and staying discovery on willfulness until after liability is resolved: "By staying discovery, neither party is unfairly advantaged or disadvantaged, and all parties will receive information they are entitled to at the appropriate time." *Id*. *See also Sage Products,* 1994 WL 791601 at *2; *Princeton Biochemicals*, 180 FRD at 258.

The Federal Circuit, in fact, encourages such bifurcation:

> Proper resolution of the dilemma of an accused infringer who must choose between the lawful assertion of the attorney-client privilege and avoidance of a willfulness finding if infringement is found, is of great importance not only to the parties but to the fundamental values sought to be preserved by the attorney-client privilege. An accused infringer, therefore, should not, without the trial court's careful consideration, be forced to choose between waiving the privilege in order to protect itself from a willfulness finding, in which case it may risk prejudicing itself on the question of liability, and maintaining the privilege, in which case it may risk being found to be a willful infringer if liability is found. Trial courts thus should give serious consideration to a separate trial on willfulness whenever the particular attorney-client communications, once inspected by the court *in camera,* reveal that the CAP America is indeed confronted with this dilemma.

*Quantum Corp. v. Tandon Corp.*, 940 F.2d 642, 643-644 (Fed. Cir. 1991).

Here, CAP America is presented with the very quandary typical of willfulness claims.[7] Therefore, CAP America requests that the Court stay discovery on the issue of willfulness until after liability is adjudicated. This will enable CAP America to preserve the attorney-client privilege without sacrificing its defense to Bosch's claim of willfulness.

In short, bifurcation of damages and willfulness will conserve the time and resources of the Court and the parties if Bosch does not prevail, because costly, extensive, time-consuming discovery and discovery litigation could then be avoided.

---

[7] In accordance with *Quantum*, CAP America will contemporaneously with the filing of this motion present the attorney opinion letters that it will rely upon for the Court's *in camera* inspection. *Quantum*, 940 F.2d at 644.

**CAP America's Motion to Bifurcate
Trial and Stay Discovery as to Damages, Willfulness,
and Other Non-Liability Issues and Memorandum
 of Points and Authorities in Support**                11

D.  **Bosch Would Not Be Prejudiced**

A motion to bifurcate should be granted when it will result in judicial economy and will not unduly prejudice any party.  *Calmar*, 850 F.Supp. at 866.  There is no threat of prejudice to Bosch in this case because the issues of liability and damages are separate and distinct such that bifurcation will not require a duplication of efforts, and Bosch will benefit equally from a narrowing of the damages issues to be adjudicated and litigated in discovery if it does not prevail on some or all of its claims.

**CAP America's Motion toBifurcate
Trial and Stay Discovery as to Damages, Willfulness,
and Other Non-Liability Issues and Memorandum
 of Points and Authorities in Support**          12

## IV. CONCLUSION

For the reasons set forth in this brief, CAP America respectfully requests this court to bifurcate trial into two phases — (1) liability and (2) damages, willfulness, and other non-liability issues — and to stay discovery on damages and willfulness pending the trial on liability.

Dated: August 4, 2011                     Respectfully submitted,

By: /s/ Marc Lorelli
Mark Cantor (admitted *pro hac vice*)
mcantor@brookskushman.com
Marc Lorelli (admitted *pro hac vice*)
mlorelli@brookskushman.com
John M. Halan (admitted *pro hac vice*)
jhalan@brookskushman.com
**Brooks Kushman P.C.**
1000 Town Center, 22nd Floor
Southfield, MI  48075
Tel. (248) 358-4400 – Fax (248) 358-3351

Gary R. Goodheart
Nevada Bar # 1203
grg@jonesvargas.com
**Jones Vargas**
3773 Howard Hughes Parkway
Third Floor South
Las Vegas, NV  89169
Tel: (702) 862-3300 – Fax: (702) 737-7705

*Attorneys for CAP America Corea Autoparts Producing Corporation d/b/a CAP America*

# CERTIFICATE OF ELECTRONIC SERVICE

I hereby certify that on August 4, 2011, I electronically filed the foregoing document with the Clerk of the Court for the District of Nevada using the ECF System which will send notification to the following registered participants of the ECF System as listed on the Court's Notice of Electronic Filing: Jennifer L. Braster, Mark A. Cantor, Vincent C. Ferenbach, Jeffrey S. Ginsberg, Gary R. Goodheart, Mark Hannemann, Michael J. Lennon, Marc Lorelli, Robert S. Roe.

I also certify that I have mailed by United States Postal Service the paper to the following non-participants in the ECF System: None.

By: /s/ Marc Lorelli
Mark A. Cantor  (*admitted pro hac vice*)
mcantor@brookskushman.com
Marc Lorelli (*admitted pro hac vice*)
mlorelli@brookskushman.com
John M. Halan (*admitted pro hac vice*)
jhalan@brookskushman.com
**Brooks Kushman P.C.**
1000 Town Center, 22nd Floor
Southfield, MI 48075
Tel. (248) 358-4400; Fax (248) 358-3351

Gary R. Goodheart
Nevada Bar # 1203
grg@jonesvargas.com
**Jones Vargas**
3773 Howard Hughes Parkway
Third Floor South
Las Vegas, NV  89169
Tel: (702) 862-3300 – Fax: (702) 737-7705

*Attorneys for CAP America Corea Autoparts Producing Corporation d/b/a CAP America*

# CERTIFICATE OF ELECTRONIC SERVICE

      I hereby certify that on October 19, 2011, I electronically filed the foregoing document with the Clerk of the Court for the Eastern District of Michigan using the ECF System which will send notification to the following registered participants of the ECF System as listed on the Court's Notice of Electronic Filing: Mark A. Cantor, Todd M. Touton, Jeffrey S. Ginsberg, Gary R. Goodheart, John Halan, Mark Hannemann, Richard M. Cowell, Marc Lorelli, Robert S. Roe.

      I also certify that I have mailed by United States Postal Service the paper to the following non-participants in the ECF System: None.

By: /s/ Marc Lorelli
Mark Cantor (P32661)
John M. Halan (P37616)
Marc Lorelli (P63156)
**BROOKS KUSHMAN P.C.**
1000 Town Center, 22nd Floor
Southfield, MI 48075
Tel. (248) 358-4400 – Fax (248) 358-3351
Email: mcantor@brookskushman.com
        mlorelli@brookskushman.com
        jhalan@brookskushman.com

*Attorneys for Defendant Corea Autoparts*
*Producing Corporation d/b/a CAP America*

