**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | |
|---|---|
| **ROBERT BOSCH LLC,**  Plaintiff,  v.  **COREA AUTOPARTS PRODUCING CORPORATION and CAP AMERICA,**  Defendants. | Case No. 2:11-cv-14019-JAC-MAR  Hon. Julian Abele Cook  Mag. Judge Mark. A. Randon |

**PLAINTIFF ROBERT BOSCH LLC'S MOTION TO DISMISS
COREA AUTOPARTS PRODUCING CORPORATION'S
COUNTERCLAIMS FOR UNENFORCEABILITY OF
U.S. PATENT NOS. 6,553,607, 6,611,988, 6,836,926 AND 6,973,698**

Plaintiff Robert Bosch LLC hereby moves pursuant to Fed. R. Civ. P. 12(b)(6) for dismissal of defendant Corea Autoparts Producing Corporation ("CAP")'s counterclaims of inequitable conduct. As set forth in the accompanying brief, CAP has failed to plead its counterclaims with particularity as required in Fed. R. Civ. 9(b), and the counterclaims should therefore be dismissed.

Dated this 20th day of January, 2012   Respectfully submitted,

   /s/ Richard M. Cowell
Christopher G. Darrow
Michigan Bar No. P67196
YOUNG BASILE HANLON
& MACFARLANE P.C
3001 W. Big Beaver Rd., Ste. 624
Troy, Michigan 48084-3107
(248) 649-3333 (Telephone)
litigation@youngbasile.com

Mark A. Hannemann
Jeffrey S. Ginsberg
Richard M. Cowell
KENYON & KENYON LLP
One Broadway
New York, NY 10004
(212) 425-7200

Attorneys for Robert Bosch, LLC

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **ROBERT BOSCH LLC,** | Case No. 2:11-cv-14019-JAC-MAR |
| Plaintiff, | Hon. Julian Abele Cook |
| v. | Mag. Judge Mark. A. Randon |
| **COREA AUTOPARTS PRODUCING CORPORATION and CAP AMERICA,** | |
| Defendants. | |

**PLAINTIFF ROBERT BOSCH LLC'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS COREA AUTOPARTS PRODUCING CORPORATION'S COUNTERCLAIMS FOR UNENFORCEABILITY OF <u>U.S. PATENT NOS. 6,553,607, 6,611,988, 6,836,926 AND 6,973,698</u>**

# TABLE OF CONTENTS

Page

STATEMENT OF THE ISSUE PRESENTED ............................................................................... iii

MOST CONTROLLING AUTHORITIES .................................................................................... iv

ARGUMENT .................................................................................................................................... 1

I. CAP FAILS TO PLEAD ANY SUPPORT FOR ITS INEQUITABLE CONDUCT COUNTERCLAIM CLAIMS WITH RESPECT TO THE '698 PATENT ........................ 2

II. CAP FAILS TO PLEAD SUFFICIENT SUPPORT FOR ITS INEQUITABLE CONDUCT COUNTERCLAIMS WITH RESPECT TO THE '607, '926 AND '988 PATENTS ........................................................................................................................... 3

    A. CAP Fails To Allege Any Facts That Permit An Inference of An Intent To Deceive ................................................................................................................... 4

        1. CAP's pleading that the applicants and their attorneys "should have known" the alleged public use of the invention is insufficient ................... 4

        2. CAP pleads no facts to support its allegation that the applicants and their attorneys knew of the supposed prior use ..................................................... 5

        3. CAP's allegations do not support an inference of intent to deceive ........... 6

    B. CAP Fails To Properly Allege Materiality ............................................................ 7

        1. CAP fails to plead the "who" ..................................................................... 7

        2. CAP fails to plead the "what" ..................................................................... 8

        3. CAP fails to plead the "where" ................................................................... 8

        4. CAP fails to plead the "why" and "how" ................................................... 9

CONCLUSION ................................................................................................................................. 9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*3form, Inc. v. Lumicor, Inc.*,
  No. 2:09-cv-990-TS, 2011 U.S. Dist. LEXIS 39748 (D. Utah April 12, 2011) .................. 8

*Am. Hoist & Derrick Co. v. Sowa & Sons, Inc.*,
  725 F.2d 1350 (Fed. Cir. 1984) ....................................................................................... 5

*Exergen Corp. v. Wal-mart Stores, Inc.*,
  575 F.3d 1312 (Fed. Cir. 2009) ............................................................................... passim

*In re BP Lubricants USA Inc.*,
  637 F.3d 1307 (Fed. Cir. 2011) ...................................................................................... 2

*Molins PLC v. Textron, Inc.*,
  48 F.3d 1172 (Fed. Cir. 1995) ........................................................................................ 2

*Motionless Keyboard Co. v. Microsoft Corp.*,
  486 F.3d 1376 (Fed. Cir. 2007) ...................................................................................... 7

*Nordberg Inc. v. Telsmith, Inc.*,
  82 F.3d 394 (Fed. Cir. 1996) .......................................................................................... 5

*Recticel Automobilesysteme GmbH v. Auto. Components Hldgs., Llc*,
  No. 2:10-cv-14097-sfc, 2011 U.S. Dist. LEXIS 127261
  (E.D. Mich. Nov. 3, 2011) ................................................................................ iv, 5, 7, 9

*Server Tech., Inc. v. Am. Power Conversion Corp.*,
  No. 3:06-cv-698-LRH-VPC, 2011 U.S. Dist. LEXIS 53046
  (D. Nev. May 6, 2011) ............................................................................................ 7, 8, 9

*Star Scientific, Inc. v. R.J. Reynolds Tobacco Co.*,
  537 F.3d 1357 (Fed. Cir. 2008) ...................................................................................... 2

*Therasense, Inc. v. Becton, Dickinson & Co.*,
  649 F.3d 1276 (Fed. Cir. 2011) ............................................................................... passim

**Statutes**

35 U.S.C. § 102(b) .................................................................................................... 3, 4, 7

**Rules**

Fed. R. Civ. 9(b) ............................................................................................... 1, iv, 1, 2

Fed. R. Civ. P. 12(b)(6) ...................................................................................................... 1

## STATEMENT OF THE ISSUE PRESENTED

Whether CAP's Answer, Affirmative Defenses and Counterclaims set forth sufficient factual material and allegations with respect to CAP's counterclaims of inequitable conduct to satisfy the pleading requirements of Rule 9(b).

## **MOST CONTROLLING AUTHORITIES**

Fed. R. Civ. P. 9(b)

*Exergen Corp. v. Wal-mart Stores, Inc.*, 575 F.3d 1312 (Fed. Cir. 2009)

*Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276 (Fed. Cir. 2011)

*Recticel Automobilesysteme GmbH v. Auto. Components Hldgs., LLC*, No. 2:10-cv-14097-sfc,
     2011 U.S. Dist. LEXIS 127261 (E.D. Mich. Nov. 3, 2011)

Defendant Corea Autoparts Producing Corporation ("CAP")'s Answer to Plaintiff's First Amended Complaint, Affirmative Defenses and Counterclaims (Ex. 1) ("Answer") includes a request that the Court declare U.S. Patent Nos. 6,553,607 ("the '607 patent"), 6,611,988 ("the '988 patent"), 6,973,698 ("the '698 patent") and 6,836,926 ("the '926 patent") unenforceable as a result of inequitable conduct (Ex. 1 at 23). However, CAP has failed to plead the elements of inequitable conduct (a material omission made with an intent to deceive the patent office) with the particularity required by Fed. R. Civ. P. 9(b). *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1327 (Fed. Cir. 2009). Indeed, CAP's pleading fails to identify the "specific who, what, when, where, and how of the material misrepresentation or omission committed before the PTO," and fails to allege any facts leading to an inference of intent to deceive. *Exergen*, 575 F.3d at 1327–1329. Accordingly, CAP's counterclaims of inequitable conduct fail to state a claim and should be dismissed under Fed. R. Civ. P. 12(b)(6). *Id*. To the extent CAP's counterclaims are considered affirmative defenses, they should be stricken.

Counsel for Bosch conferred with counsel for CAP in accordance with Local Rule LR 7.1(a) and explained the nature of this motion and its legal basis and requested but did not obtain CAP's consent.

**ARGUMENT**

For a patent to be unenforceable due to inequitable conduct stemming from the intentional withholding of prior art, the prior art reference must be "but-for material." *Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276, 1291 (Fed. Cir. 2011) (en banc). "[P]rior art is but-for material if the PTO would not have allowed a claim had it been aware of the undisclosed prior art." *Id*. The party charging inequitable conduct must also prove that a

person with a duty of candor to the PTO "*made a deliberate decision* to withhold a *known material* reference." *Id.* at 1290 (quoting *Molins PLC v. Textron, Inc.*, 48 F.3d 1172, 1181 (Fed. Cir. 1995) (emphases in *Therasense* opinion). Both materiality and intent must be proven by clear and convincing evidence. *Id.* at 1287. Intent to deceive may be inferred only if such an inference is "the single most reasonable inference able to be drawn from the evidence." *Id.* at 1290 (quoting *Star Scientific, Inc. v. R.J. Reynolds Tobacco Co.*, 537 F.3d 1357, 1366 (Fed. Cir. 2008)).

A defense of inequitable conduct, which sounds in fraud, must be pled with particularity under Fed. R. Civ. P. 9(b). *Exergen*, 575 F.3d at 1327. Specifically, pleadings of materiality must show the "specific who, what, when, where, and how of the material misrepresentation or omission committed before the PTO." *Id.* Similarly, pleadings of intent to deceive must allege facts that allow a court to reasonably infer that a party acted with the requisite state of mind. *Id.* at 1327, 1330 (affirming denial of leave to amend to include pleadings of inequitable conduct because, among other deficiencies, "the facts that are alleged do not give rise to a reasonable inference of scienter, including both (1) knowledge of the withheld material information or of the falsity of the material misrepresentation, and (2) specific intent to deceive the PTO."). The *Exergen* standard applies when evaluating a motion to dismiss. *In re BP Lubricants USA Inc.*, 637 F.3d 1307, 1311 (Fed. Cir. 2011).

**I.    CAP FAILS TO PLEAD ANY SUPPORT FOR ITS INEQUITABLE CONDUCT COUNTERCLAIM CLAIMS WITH RESPECT TO THE '698 PATENT**

CAP's Answer requests relief in the form of, inter alia, a declaration that the '698 patent is unenforceable (EX. 1 at 23). However, CAP's Answer does not provide a single alleged fact let alone the requisite "who, what, when, where, and how of the material misrepresentation or omission committed before the PTO." Accordingly, CAP's inequitable conduct defense with

2

respect to the '698 patent should be dismissed or stricken.  *Exergen*, 575 F.3d at 1327.

II. **CAP FAILS TO PLEAD SUFFICIENT SUPPORT FOR ITS INEQUITABLE CONDUCT COUNTERCLAIMS WITH RESPECT TO THE '607, '926 AND '988 PATENTS**

To survive a motion to dismiss, CAP must plead with particularity the materiality of the omission, and that such omission was made with specific intent to deceive the patent office. CAP's inequitable conduct counterclaims regarding the '607, '926 and '988 patents all recite the same basic facts and are addressed collectively below.  The facts alleged in support of CAP's Nineteenth Counterclaim are exemplary and read as follows:

> 53. Each claim of U.S. Patent 6,553,607 is unenforceable on the basis of inequitable conduct committed by the applicants and their attorneys in prosecuting the '607 Patent before the United States Patent and Trademark Office.
>
> 54. On information and belief, in or before the spring of 1999 Bosch sold to Mercedes-Benz wiper arms falling within the scope of the '607 patent.
>
> 55. The wiper arms referenced in paragraph 54 were installed on the Mercedes-Benz 2000 model year CL class vehicles.
>
> 56. In March of 1999, Mercedes-Benz publicly used and displayed a 2000 model year CL class vehicle at the International Geneva Motor Show auto show having wiper arms falling within the scope of the '607 patent.
>
> 57. On or about April 4, 1999, Mercedes-Benz publicly used and displayed a 2000 model year CL class vehicle at the New York International Auto Show having wiper arms falling within the scope of the '607 patent.
>
> 58. In September of 1999, Mercedes-Benz publicly used and displayed a 2000 model year CL class vehicle at the Frankfurt Auto Show having wiper arms falling within the scope of the '607 patent.
>
> 59. The public use of the Bosch wiper arms sold to Mercedes Benz for use on the 2000 model year CL class vehicle occurred in the United States prior to May 5, 1999.
>
> 60. The public use referenced in the preceding paragraph constituted material information to the application resulting in the '607 patent because it barred at least claim 1 of the '607 patent under 35 U.S.C. § 102(b).
>
> 61. Bosch openly advertised that its Aerotwin blade that included an arm that embodies the '607 patent was sold in 1999.

3

> 62. In 1999, the applicants and their attorneys active in the prosecution of the '607 patent knew or should have known of the public use activity in the United States of the advertised Aerotwin blade, and its materiality to the patentability of claim 1.
>
> 63. On information and belief, the applicants and their attorneys concealed this material information from the Patent Office during the prosecution of the '607 patent with a specific intent to mislead or deceive the Patent Office, as claim 1 of the '607 patent would otherwise not have issued.
>
> **64. The applicant and their attorneys continue to conceal from discovery in this action the invalidating public use in this country of its wiper arms by Mercedes-Benz more than a year before the effective U.S. filing date of the '607 patent with intent to deceive.**

(EX. 1 at 18–19). CAP's allegations regarding the '926 and '988 patents are similar and recite the same basic facts (EX. 1 at 19–22).[1] CAP has failed to plead sufficient facts to support both materiality and intent to deceive.

### A. CAP Fails To Allege Any Facts That Permit An Inference of An Intent To Deceive

A pleading of inequitable conduct must "allege sufficient underlying facts from which a court may reasonably infer that a party acted with the requisite state of mind." *Exergen*, 575 F.3d at 1327. CAP's pleading fails to allege any underlying facts regarding an intent to deceive.

#### 1. CAP's pleading that the applicants and their attorneys "should have known" the alleged public use of the invention is insufficient

Paragraph 62 of CAP's Answer alleges, in part, that the applicants and their attorneys "should have known" of the supposed public use of the inventions of the '607, '926 and '988

---

[1] Bosch notes that paragraphs 56 and 58 (and similar paragraphs 69, 71, 82 and 84), which describe alleged prior uses of the inventions of the patents at issue are irrelevant to CAP's claim of inequitable conduct; such uses, if they occurred, occurred outside the United States and therefore could not have supported a rejection in the Patent Office. *Therasense*, 649 F.3d at 1291 ("Hence, in assessing the materiality of a withheld reference, the court must determine whether the PTO would have allowed the claim if it had been aware of the undisclosed reference."); 35 U.S.C. § 102(b) ("A person shall be entitled to a patent unless . . . the invention was . . . in public use or on sale **in this country**. . . .") (emphasis added).

4

patents (EX. 1 at 19). However, "should have known" is not the standard for inequitable conduct. *E.g.*, *Therasense,* 649 F.3d at 1290 ("A finding that the misrepresentation or omission amounts to gross negligence or negligence under a 'should have known' standard does not satisfy this intent requirement."); *Nordberg Inc. v. Telsmith, Inc.*, 82 F.3d 394, 397 (Fed. Cir. 1996) (holding that inequitable conduct for failure to disclose a reference requires that "the applicant's *actual* knowledge of the reference's existence must be proved" and rejecting an argument that the patentee "should have known" about a prior art and a prior use of the invention) (citing *Am. Hoist & Derrick Co. v. Sowa & Sons, Inc.*, 725 F.2d 1350, 1362 (Fed. Cir. 1984)); *Recticel Automobilesysteme GmbH v. Auto. Components Hldgs., LLC*, No. 2:10-cv-14097-SFC, 2011 U.S. Dist. LEXIS 127261, at *22–23 (E.D. Mich. Nov. 3, 2011) (noting that "in *Therasense*, the Federal Circuit recognized that it long ago rejected a 'should have known' standard for establishing 'intent'").

### 2. CAP pleads no facts to support its allegation that the applicants and their attorneys knew of the supposed prior use

Paragraph 62 further pleads, in the alternative, that the applicants and their attorneys "knew" of the supposed public use (EX. 1 at 19). However, CAP does not plead any facts to support this allegation. The only alleged fact that might support an inference of knowledge is contained in Paragraph 61 ("Bosch openly advertised that its Aerotwin blade that included an arm that embodies the '607 patent was sold in 1999.").

CAP has failed to allege any knowledge of such advertisements in 1999 by the applicants of the patents at issue (all engineers working in Europe). Moreover, CAP has not alleged that the prosecuting attorney, Michael Striker, or anyone else associated with the prosecution of the patents at issue had knowledge or even could have had knowledge of such an advertisement.

5

Such deficiencies are fatal. *Exergen*, 575 F.3d at 1330. In *Exergen*, defendants had pled that patentee Exergen "was aware" of the supposedly withheld prior art references in general. *Id.* However, the defendants failed to provide any factual basis to infer that any individuals with a duty of disclosure knew of the supposedly material information contained within that reference. *Id.* Indeed, the court specifically noted that "one cannot assume that an individual, who generally knew that a reference existed, also knew of the specific material information contained in that reference." *Id.* The court therefore found the pleading deficient with respect to intent to deceive. *Id.* ("The pleading here does not allege facts that would support a reasonable inference that a relevant individual knew of the allegedly material information contained in the '808 and '998 patents.").

CAP's pleading, which only recites that the inventors and attorneys knew of the supposed prior use, is similar. Just as in *Exergen*, CAP has failed to allege any facts that would support a reasonable inference that the inventors or their attorneys knew of any supposed prior use. CAP's counterclaims should therefore be dismissed.

### 3. CAP's allegations do not support an inference of intent to deceive

In Paragraph 63, CAP alleges that "On information and belief, the applicants and their attorneys concealed this material information from the Patent Office during the prosecution of the '607 patent with a specific intent to mislead or deceive the Patent Office" (EX. 1 at 19). CAP fatally provides no support for this allegation. *Exergen*, 575 F.3d at 1330–31 ("SAAT's pleading provides neither the 'information' on which it relies nor any plausible reasons for its 'belief.' Moreover, the circumstances that SAAT has alleged, even if true, do not plausibly suggest any 'deliberate decision to withhold a known material reference' or to make a knowingly false misrepresentation - a necessary predicate for inferring deceptive intent."). Just as in *Exergen*, CAP has failed to

6

present any information or plausible reason for its belief. CAP's counterclaim should therefore be dismissed. *Id.*; *Recticel,* 2011 U.S. Dist. LEXIS 127261 at *22 ("ACH's counterclaim contains conclusory assertions of intent. These types of naked allegations of intent are insufficient under *Exergen*."); *Server Tech., Inc. v. Am. Power Conversion Corp.*, No. 3:06-cv-698-LRH-VPC, 2011 U.S. Dist. LEXIS 53046, at *9 (D. Nev. May 6, 2011) ("there are no allegations from which the court could reasonably infer that an individual who made the material omissions or misrepresentations had knowledge of the falsity of any statements or omissions. Therefore, based on the allegations in STI's amended answer, the court finds that STI has failed to allege inequitable conduct with particularity as required by Rule 9(b).").

### B. CAP Fails To Properly Allege Materiality

The only possibly material prior use alleged by CAP concerns its unsupported allegations of display and use of a wiper blade embodying the claims of the patents at issue at the 1999 New York International Auto Show.[2] An allegation of inequitable conduct "must identify the specific who, what, when, where, and how of the material misrepresentation or omission committed before the PTO." *Exergen*, 575 F.3d at 1328. CAP's pleading fails to satisfy each of these requirements.

#### 1. CAP fails to plead the "who"

CAP's pleading asserts that the '607, '926 and '988 patents are unenforceable because "the applicants and their attorneys" committed inequitable conduct (EX. 1 at 18, 20, 21). CAP's

---

[2] CAP provides no support for its allegation that Bosch beam wiper blades were displayed at the New York Auto Show. In any event, Bosch disputes CAP's argument that the mere display of a product is a public use under 35 U.S.C. 102(b). *See Motionless Keyboard Co. v. Microsoft Corp.*, 486 F.3d 1376, 1385 (Fed. Cir. 2007) (holding that disclosures that "visually displayed" a device embodying the claims of the patent "without putting it into use" were not public uses under 35 U.S.C. § 102(b)).

7

failure to name specific individuals is fatal. *Exergen*, 575 F.3d at 1329 & n.6 (holding that a pleading naming patentee corporation, "its agents and/or attorneys" as committing inequitable conduct failed to sufficiently plead the "who" element of inequitable conduct). CAP's counterclaims, which fail to name individuals, are therefore deficient and should be dismissed. *Server Tech.*, 2011 U.S. Dist. LEXIS 53046, at *8 ("These allegations do not identify a specific person who knew of and withheld relevant and material prior art references. Such a generalized allegation is insufficient to sufficiently plead the 'who' under Rule 9(b).").

### 2. CAP fails to plead the "what"

CAP alleges that products "falling within the scope of the" '607, '926 and '988 patents were displayed at the New York International Auto Show (EX. 1 at 18, 20, 21). However, CAP's pleading fails to identify which claims, if any, of these patents to which the supposed public use was relevant. CAP has thus failed to plead the "what" of the supposedly material omission and its counterclaims should be dismissed. *Exergen*, 575 F.3d at 1329; *3form, Inc. v. Lumicor, Inc.*, No. 2:09-cv-990-TS, 2011 U.S. Dist. LEXIS 39748, at *8–9 (D. Utah April 12, 2011) (dismissing counterclaim of inequitable conduct for failure to plead which claims were the subject of the inequitable conduct and noting "This conclusion is not altered by the fact that three of the patents are design patents containing only one claim. Under Lumicor's duty to plead with particularity, Lumicor must, at a minimum, state which claim was allegedly conceived of by the third party.").

### 3. CAP fails to plead the "where"

CAP has also failed to show where, in the supposed prior use, the material features were found. *Exergen*, 575 F.3d at 1329. CAP sets forth no basis for its contention that any wiper blades shown in New York in 1999 met any claims of any of the patents-in-suit. Indeed, CAP

does not describe the product supposedly shown at the New York Auto Show in other than purely conclusory terms (*see, e.g.*, EX. 1 at 18 (describing the products only as falling "within the scope of the '607 patent"), 20–21 (same language with respect to '926 and '988 patents)). As such, its pleading is deficient and its counterclaims should be dismissed. *Exergen*, 575 F.3d at 1329*; Recticel*, 2011 U.S. Dist. LEXIS 127261 at *19–20 (holding that pleading that did not identify where the material information was located in the supposed prior art was deficient); *Server Tech*, 2011 U.S. Dist. LEXIS 53046, at *8 ("STI fails to identify the specific prior art that was withheld from the PTO and where the relevant claim limitations are found within that prior art.").

### 4.  CAP fails to plead the "why" and "how"

CAP has also failed to set forth what claim limitations or combinations of claim limitations were disclosed in the supposed prior use that were not in the prior art of record before the Patent Office. This omission is fatal. *Exergen*, 575 F.3d at 1329 (finding a pleading that "does not identify the particular claim limitations, or combination of claim limitations, that are supposedly absent from the information of record" fails to set forth "both 'why' the withheld information is material and not cumulative, and 'how' an examiner would have used this information in assessing the patentability of the claims"). *Recticel*, 2011 U.S. Dist. LEXIS 127261 at *20–21 (holding that pleading that did not explain how a reference was 'but-for' material was deficient) (citing *Therasense*, 649 F.3d at 1291).

### CONCLUSION

CAP has failed to plead with particularity its counterclaims of inequitable conduct regarding the '698, '988, '926 and '607 patents. CAP alleges no facts to support its allegations of deceptive intent, and also fails to set forth the who, what, where, when, why and how of the

9

supposed omission's materiality. Since CAP has failed to properly plead its counterclaims, they should be dismissed.

Dated this 20th day of January, 2012     Respectfully submitted,

   /s/ Richard M. Cowell
Christopher G. Darrow
Michigan Bar No. P67196
YOUNG BASILE HANLON
& MACFARLANE P.C
3001 W. Big Beaver Rd., Ste. 624
Troy, Michigan 48084-3107
(248) 649-3333 (Telephone)
litigation@youngbasile.com

Mark A. Hannemann
Jeffrey S. Ginsberg
KENYON & KENYON LLP
One Broadway
New York, NY 10004
(212) 425-7200

*Attorneys for Robert Bosch, LLC*

10

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 20th, 2012, I served via the Court's Case Management and Electronic Case Filing (CM/ECF) system, pursuant to Fed. R. Civ. P. 5(b)(3 and LR 5.1.1 the above PLAINTIFF ROBERT BOSCH LLC'S MOTION TO DISMISS CAP'S COUNTERCLAIMS FOR UNENFORCEABILITY OF US PATENT NOS. 6,553,607, 6,611,988, 6,836,926 AND 6,973,698 to:

Mark A. Cantor
Marc Lorelli
John Halan
Brooks Kushman P.C.
1000 Town Center, 22nd Floor
Southfield, MI 48075
mlorelli@brookskushman.com
mcantor@brookskushman.com
jhalan@brookskushman.com

                                        /s/ Richard M. Cowell