UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT BOSCH, LLC,

        Plaintiff/Counter-Defendant,

                                              Case number 11-14019

v.                                                  Honorable Julian Abele Cook, Jr.

COREA AUTOPARTS PRODUCING
CORPORATION, et al.,

        Defendants/Counter-Plaintiffs.

ORDER

This is a patent action in which the Plaintiff, Robert Bosch, LLC ("Bosch"), seeks an injunction, an award of compensatory damages, and treble damages for the willful infringement of nine patents owned by the Plaintiff. Bosch alleges that the Defendants violated federal patent law, 35 U.S.C. § 271, *inter alia*, by making, importing, offering for sale, using, and selling wiper blades embodying its patented inventions. This action, although originally filed in the District of Nevada, was transferred to the Eastern District of Michigan on September 13, 2011.

Currently before the Court is the Defendants' request to bifurcate the trial into two phases; namely, (1) liability and (2) damages, willfulness, and other non-liability issues. The Defendants also ask the Court stay any discovery relating to damages and willfulness pending the trial on liability. (ECF 9).

I.

In general, Fed. R. Civ. P. 42(b) permits the bifurcation of the liability and damages phases of a trial in the interest of judicial economy. This Rule also authorizes a court to bifurcate a trial:

1

"[f]or convenience, to avoid prejudice, or to expedite and economize . . .[on] one or more separate issues, claims, cross claims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial." The decision as to whether to bifurcate a trial under Rule 42(b) is "within the sound discretion of the court." *Yung v. Raymark Indus. Inc.,* 789 F.2d 397, 400 (6th Cir.1986). Furthermore, the party, who seeks the bifurcation of a trial, has the burden of demonstrating that judicial economy would be promoted and that no party would be prejudiced by separate trials. *K.W. Muth Co., Inc. v. Bing-Lear Mfg. Group, L.L.C.,* 2002 WL 1879943, at *3 (E.D. Mich. Jul.16, 2002).

## II.

In support of their request, the Defendants assert that bifurcating the trial in this action would promote judicial economy and efficiency. In advancing this position, the Defendants submit that a ruling on liability in their favor would (1) obviate the need for a trial on damages, and (2) facilitate a more efficient use of case and trial management. Further, they point out that, inasmuch as this case involves multiple claims on several patents, there is a potential risk of juror confusion if the liability and damages phases are not bifurcated. Finally, the Defendants submit that the requested bifurcation would allow them to maintain the requisite attorney-client privilege regarding patent opinion letters until and unless the production of such evidence becomes necessary in order to defend against Bosch's willfulness claim.

Bosch, on the other hand, opposes bifurcation, asserting that bifurcation would only result in a more efficient proceeding if Corea Autoparts prevails on each and every claim. Moreover, Bosch submits that, although nine patents are at issue, all of them pertain to the physical structure of wiper blades which is, arguably, a more understandable area for jurors than other more abstract

areas of patent litigation. Finally, Bosch submits that the relief which is now sought by the Defendants would (1) require additional motion practice, and (2) cause it to be prejudiced by having to wait longer for full relief on the alleged infringement of its patents.

After evaluating the parties' respective arguments, the Court concludes that the Defendants have demonstrated the need for a bifurcation of this trial. At the outset, the Court notes that Bosch has asserted fifty-four different claims from nine different patents against seven different products. This creates a wide range of permutations of alleged infringements. Liability findings on certain claims could obviate the need for damages and wilfulness findings, which, in turn, could promote judicial efficiency.

The Court also finds bifurcation necessary because of Bosch's wilfulness claim. In *Quantum Corp. v. Tandon Corp.*, the Federal Circuit observed that when issues of liability and willfulness are tried together, the accused infringers face a dilemma. Under such a circumstance, the Defendants may present a defense which is based on the advice of counsel in order to avoid a finding of wilfulness. However, in doing so, they must waive their attorney-client privilege and thereby risk being prejudiced on the issue of liability. On the other hand, if the attorney-client privilege is retained by them, they may feel themselves obligated to forego their best possible defense to willfulness. 940 F.2d 642, 643-44 (Fed.Cir. 1991).

The Federal Circuit has somewhat alleviated the *Quantum* dilemma by holding that a factfinder cannot draw an adverse inference from a defendant's "failure to obtain or produce an exculpatory opinion of counsel." *Knorr-Bremse Systeme Fuer Nutzfahrzeuge GmbH v. Dana Corp.*, 383 F.3d 1337, 1341 (Fed.Cir. 2004). There is a reported case out of the northern district of Illinois wherein a court has found that this elimination of an adverse inference has diminished the

prejudice from the *Quantum* dilemma sufficiently so that a bifurcation of the trial was no longer necessary. *See, e.g. Trading Technologies Intern., Inc. v. eSpeed, Inc.*, 431 F.Supp.2d 834 (N.D.Ill.2006).

However, even without the adverse inference, the Defendants would be prejudiced if the issues of infringement and wilfulness were tried simultaneously. The Defendants, if they choose to assert advice of counsel in defense to the wilfulness charge, will be compelled to disclose attorney work-product, which may contain other legal theories that are relevant to this ongoing litigation. Therefore, in order to avoid the possibilities of prejudice to the Defendants as it relates to the willfulness claim and to promote judicial efficiency regarding the challenged nine patents, the Court grants their motion to bifurcate.

### III.

For the reasons that have been set forth above, the Court grants the Defendants' request to bifurcate. (ECF 9). Thus, the trial in this action will be conducted in two phases; namely, (1) liability and (2) damages, willfulness, and other non-liability issues.

The Defendants have also asked the Court to stay discovery on damages and willfulness pending the trial on liability. However, any resolution of this issue will be withheld until the Court enters a scheduling order in this case.

IT IS SO ORDERED

Date: February 27, 2012
s/Julian Abele Cook, Jr.
JULIAN ABELE COOK, JR.
U.S. District Court Judge

CERTIFICATE OF SERVICE

4

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on February 27, 2012.

s/ Kay Doaks
Case Manager