UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT BOSCH, LLC,

               Plaintiff/Counter-Defendant,

                                           Case number 11-14019

v.                                 Honorable Julian Abele Cook, Jr.

COREA AUTOPARTS PRODUCING
CORPORATION, et al.,

               Defendants/Counter-Plaintiffs.

ORDER

       This is a patent action in which the Plaintiff, Robert Bosch, LLC ("Bosch"), seeks relief (i.e., an injunction, compensatory damages, and treble damages) for the willful infringement of nine patents by the Defendants, Corea Autoparts Producing Corporation et al. (collectively referred to as "CAP"). In the complaint, Bosch contends that these Defendants violated federal patent laws when they made, imported, offered for sale, used, and sold the wiper arms and blades which embodied their patented inventions.

       This action, although originally filed in the District of Nevada, was transferred to the Eastern District of Michigan on September 13, 2011. Currently before the Court is Bosch's motion to dismiss CAP's counterclaims. (ECF 25).

I.

       CAP has filed a counterclaim, in which it seeks to obtain a declaratory judgment of (1) non-infringement on all nine patents in issue; (2) invalidity as it relates to all of the asserted claims; and (3) unenforceability regarding certain patents because of the inequitable conduct by Bosch in

1

connection with the '607, '926, and '988 patents.[1]  Bosch, believing that these counterclaims are without merit, seeks their dismissal.

II.

"A patent may be rendered unenforceable for inequitable conduct if an applicant, with intent to mislead or deceive the examiner, fails to disclose material information or submits materially false information to the PTO [Patent and Trademark Office] during prosecution." *McKesson Info. Solutions, Inc. v. Bridge Med., Inc.*, 487 F.3d 897, 913 (Fed.Cir.2007) (internal quotation and citation omitted).  To find inequitable conduct that is based upon the non-disclosure or misrepresentation of information to the PTO, there must be clear and convincing proof of a threshold degree of materiality and intent. *See J.P. Stevens & Co., Inc. v. Lex Tex Ltd.,* 747 F.2d 1553, 1559 (Fed.Cir.1984).

Rule 9(b) of the Federal Rules of Civil Procedure requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake should be stated with particularity." "[I]nequitable conduct, while a broader concept than fraud, must be pled with particularity under Rule 9(b)." *Exergen Corp. v. Wal-Mart Stores, Inc.,* 575 F.3d 1312, 1326 (Fed.Cir.2009). Whether inequitable conduct has been pled with particularity under Rule 9(b) is a question that is governed by Federal Circuit law. *Id*. at 1318, citing *Cent. Admixture Pharm. Services, Inc. v. Advanced Cardiac Solutions, P.C.,* 482 F.3d 1347, 1356 (Fed.Cir.2007).  A pleading that simply alludes to the substantive elements of inequitable conduct, without setting forth the particularized factual bases of the allegation, does not meet the requirements of Rule 9(b). *Exergen*, 575 F.3d at 1326-27.

---

[1]CAP states that the inclusion of patent '698 in its request for relief was a typographical error. Defs.' Resp. to Pl.'s Mot. Summ. J. 1.

2

The Federal Circuit in *Exergen* elaborated on this standard by opining that a pleading which alleges an act of inequitable conduct must "identify the specific who, what, when, where, and how of the material misrepresentation or omission committed before the PTO." *Id*. at 1328. "Moreover, although 'knowledge' and 'intent' may be averred generally, a pleading of inequitable conduct under Rule 9(b) must include sufficient allegations of underlying facts from which a court may reasonably infer that a specific individual (1) knew of the withheld material information or of the falsity of the material misrepresentation, and (2) withheld or misrepresented this information with a specific intent to deceive the PTO." *Id*. at 1328-29.

III

Turning now to the pending motion to dismiss, CAP has contended in its counterclaims that Bosch publicly used wiper arms and blades, all of which fell within the scope of the '607, '926, and the '988 patents, more than a year before the filing date of the patents at issue. CAP maintains that in March of 1999, Mercedes-Benz publicly used and displayed its 2000 model year CL class vehicle at the International Geneva Motor Show in Switzerland which included the above-described vehicle accessories. CAP complains that Mercedes-Benz also displayed the same model and vehicle accessories at (1) the New York International Auto Show in the United States on April 4, 1999 and (2) the Frankfurt Auto Show in Germany during the month of September in 1999.

In addition, CAP says that Bosch, by openly advertising its "Aerotwin blade" (including an arm that embodies the '607 and '926 patents) has engaged in a form of conduct that, in its opinion, constitutes a public use. CAP argues that this claimed misconduct by Bosch is material information that the applicants and their counsel thereafter purposefully concealed from the PTO.

3

Bosch disagrees by arguing that CAP has failed to provide the Court with any reliable factual support for the inequitable conduct accusations within the counterclaims which relate to the '607, '926, and '988 patents. In particular, Bosch proclaims that CAP's pleadings fail to allege any facts that would permit an inference of an intent to deceive. A pleading of inequitable conduct must "allege sufficient underlying facts from which a court may reasonably infer that a party acted with the requisite state of mind." *Exergen*, 575 F.3d at 1327. CAP has taken the position that the applicants and their attorneys "knew or should have known" of the alleged public use.  (Defs.' Answer to First Am. Compl., ¶ 62).

However, Bosch points out that CAPs' inclusion of the phrase, "should have known" in its argument, does not satisfy the prevailing standard for inequitable conduct. *Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276, 1290 (Fed. Cir.2011) ("[a] finding that the misrepresentation or omission amounts to gross negligence or negligence under a 'should have known' standard does not satisfy this intent requirement. . . In other words, the accused infringer must prove by clear and convincing evidence that the applicant knew of the reference, knew that it was material, and made a deliberate decision to withhold it").

Bosch also correctly notes that CAP has failed to provide the Court with any factual basis for its allegation that the applicant or its attorneys were aware of the supposed prior use. CAP's counterclaim simply recites in a conclusory manner that the inventors and attorneys knew of the alleged prior use. In *Exergen*, the defendants pled that the plaintiff "was aware" of the allegedly withheld prior art without any factual basis upon which to infer that any individuals with a duty to disclose knew of the supposedly material information contained within that reference. *Exergen*, 575 F.3d at 1330. The court found the pleadings to be deficient with respect to the intent to deceive

4

issue, and noted that "[t]he pleading here does not allege facts that would support a reasonable inference that a relevant individual knew of the allegedly material information contained in the [relevant] patents." *Id*. Similarly, CAP's pleading does not allege any facts that would support an inference that Bosch knew of the material information.

CAP's two counter arguments are equally unavailing. First, CAP asserts that Bosch waived their opportunity to move for the dismissal of the counterclaims by failing to raise the issue in its first responsive pleading. However, the Court notes that Bosch's answer to CAP's counterclaims raised the affirmative defense of failure to state a claim. (Pl.'s Answer to Defs.' Countercl. p.7, ¶ 1) . A motion to dismiss for failure to plead with particularity as required by Fed. R. Civ. P. 9(b) is considered to be the equivalent of a motion to dismiss for failure to state a claim. *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) (affirming dismissal for failure to state claim because pleading did not satisfy Rule 8). Bosch preserved its defense of failure to state a claim in its answer. Rule 12(h)(2) allows this defense to be raised as a motion under Rules 12(b)(6) or Rule 12(c).

As an alternative, CAP states that "if the Court finds that [c]ounterclaims 19-21 do not comport with Rule 9(b)'s requirements, [it] should be allowed to amend [the counterclaims] to plead them with greater specificity." (Defs.' Resp. to Pl.'s Mot. Summ. J. p.3). CAP does not state what additional facts it would plead in the amended counterclaim. The Federal Rules of Civil Procedure strongly suggest that a request to amend a pleading should be freely given whenever the application of justice requires such a result.

Notwithstanding this policy suggestion, the Court will deny the request by CAP to amend its pleadings without prejudice because  it has not (1) made any effort to respond to Bosch's specific arguments; (2) initiated any effort to amend its counterclaim or to proffer a proposed

amended counterclaim; and (3) identified those facts that it could present which would cure the deficiencies within its counterclaim.

IV.

Finally, the Court concludes that CAP's counterclaims, which have presumptively addressed the claims of unenforceability relating to the '607, '926, and '988 patents, have failed to set forth a sufficiency of facts that would permit any inference of an intent to deceive. Hence, Bosch's motion to dismiss is granted. (ECF 25).

IT IS SO ORDERED

Date: May 31, 2012                                         s/Julian Abele Cook, Jr.
                                                          JULIAN ABELE COOK, JR.
                                                          U.S. District Court Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on May 31, 2012.

                                                          s/ Kay Doaks
                                                          Case Manager