UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **ROBERT BOSCH LLC,** | Case No. 2:11-cv-14019-JAC-MAR |
| Plaintiff, | Hon. Julian Abele Cook |
| v. | Mag. Judge Mark A. Randon |
| **COREA AUTOPARTS PRODUCING CORPORATION d/b/a CAP AMERICA,** | |
| | **JURY TRIAL DEMANDED** |
| Defendant. | |

# COREA AUTOPARTS PRODUCING CORPORATION'S REPLY IN SUPPORT OF ITS MOTION TO STAY



## I.  REPLY BRIEF

After utterly failing to take any action to progress this case over the last sixteen months, Plaintiff Bosch LLC ("Bosch") now argues against a stay, stating that "any additional delay at this point is too long." [Dkt. #72 at 1.] Bosch also makes the completely unsupported arguments that a stay will somehow not simplify the issues in this case and that Bosch will be prejudiced by a stay because Defendant Corea Autoparts Producing Corporation ("CAP") may become insolvent. These arguments, however, are unsupported by fact or law. For example, this Court will certainly benefit from the ITC's analysis of the related case. Moreover, there is no evidence on the record that CAP is in any danger of becoming insolvent. In sum, Bosch has failed to present a single compelling reason why the Court should not grant a stay in this case.

### A.   A Stay will Undoubtedly Simplify the Issues in this Case

Incredibly, Bosch argues that "nothing the ITC does will very much simplify this Court's work" because "ITC rulings do not collaterally estop the ITC loser in this Court." [Dkt. # 72 at 1.] Yet court after court has found that while ITC rulings may not bind district courts, they certainly can simplify the issues the district court must decide. This is especially true in the present case involving nine patents. As one court explained:

> Not only would parallel proceedings be burdensome, but waiting for the commission to complete its investigation may help simplify this case. It is true that any decision reached by the International Trade Commission will have no preclusive effect on the district court. *Texas Instruments, Inc. v. United States Int'l Trade Comm'n*, 851 F.2d 342, 344 (Fed. Cir. 1988); *see also Bio–Technology General Corp. v. Genentech, Inc.*, 80 F.3d 1553, 1564 (Fed. Cir. 1996). However, **the record developed in the proceeding before the commission may be used to "expedite proceedings and provide useful information to the court**." H.R.Rep. No. 103–826(I), at 142, as *reprinted* in 1994 U.S.C.C.A.N. at 3914; *see also* 28 U.S.C. § 1659(b) ("after dissolution of a stay under subsection (a) [as in case number 607], the record of the proceeding before the United States International

1



> Trade Commission shall be transmitted to the district court and shall be admissible in the civil action").

*SanDisk Corp. v. Phison Electronics Corp.*, 538 F. Supp. 2d 1060, 1067 (W.D. Wis. 2008) (emphasis added). *See also Iljin USA v. NTN Corp.*, 06-10145, 2006 WL 568351, at *2 (E.D. Mich. Mar. 7, 2006) ("Indisputably, it would conserve judicial resources to allow the ITC investigation to at least narrow the issues before this case proceeds, with the added benefit of potentially avoiding conflicting decisions."); *FormFactor, Inc. v. Micronics Japan Co., Ltd.*, CV-06-07159, 2008 WL 361128, at *3 (N.D. Cal. Feb. 11, 2008) ("[I]f the ITC proceedings bear on the issues of this case, it would be the most efficient and fairest course of action to stay the remaining claims of this action.").

Here, as discussed in CAP's brief in support of the stay, Bosch has accused the **same** CAP products of infringing the **same** patents in both the present case and the ITC action. [Dkt. # 29 at 2-3.] This necessarily means that the ITC will have to determine the very same issues of fact and law that this Court will be presented with. It thus defies logic for Bosch to suggest that the ITC proceedings will not be instructive for this Court, and as this Court has previously recognized, the ITC is "experienced in deciding patent disputes." *Iljin*, 2006 WL 568351, at *2.

For the foregoing reasons, it is extremely likely that the ITC proceedings will simplify the issues in this case.

**B.      Bosch's Prejudice Argument Is, At Best, Speculative**

Bosch argues that it will be prejudiced because "the CAP defendants—a Korean manufacturer and its U.S. sales subsidiary—have neither made any showing of financial stability nor volunteered to post a bond or pay a royalty into escrow during the pendency of this case; additional years of delay thus means increased risk that a judgment Bosch does later obtain will



at that point be uncollectible." [Dkt. # 72 at 3.] Beyond being **entirely** speculative,[1] this argument finds no support whatsoever in case law. Indeed, at least one court faced with this argument stated:

> To the extent plaintiff hoped to point to its harm from the chance that some defendants could become insolvent, **it has provided nothing more than speculation**. Plaintiff's only real "injury" is that it will have to wait for any money damages, which is always the case when a stay is imposed.

*SanDisk Corp. v. Phison Electronics Corp.*, 538 F. Supp. at 1067 (emphasis added); *see also FormFactor, Inc. v. Micronics Japan Co., Ltd.*, No. CV-06007159, 2008 WL 361128, at *2 (N.D. Cal. Feb 11, 2008) ("Potential monetary damages are not sufficient harm to warrant not staying this proceeding.").

The one case that Bosch cites in support of this prejudice argument is completely distinguishable. *Robert Bosch LLC v. Pylon Manufacturing Corp.*, 659 F.3d 1142, 1145 (Fed. Cir. 2011) involved the entry of a permanent injunction after a finding that the defendant infringed several patents-in-suit. In *Robert Bosch*, the plaintiff presented evidence that the financial condition of the defendant and its corporate parent "raised questions about [its] ability to satisfy a judgment." *Id.* at 1154. More specifically, the plaintiff submitted a risk management report showing that defendant had a high chance of entering bankruptcy and a public filing showing that the defendant's sole stockholder had taken out a large loan at a high interest rate. *Id.* at 1154-55. The defendant did not dispute the accuracy of these documents. *Id.* at 1155. It was on the basis of this <u>evidence</u> that the Federal Circuit found that the plaintiff risked irreparable harm and that an injunction was appropriate. *Id.*

---

[1] Perhaps more disturbing is that Bosch has knowledge this claim is untrue, but makes this argument in its papers anyway.

3



In the instant case, there has been no finding that CAP infringes any of the patents-in-suit, or that the patents-in-suit are valid. This alone is enough to render *Robert Bosch* inapposite. Moreover, Bosch has offered absolutely no evidence that CAP will be unable to satisfy a judgment, other than a vague allegation that because CAP is a Korean company it cannot be trusted to remain solvent. [Dkt. # 72 at 3.] Besides being offensive, this is simply not enough to show that Bosch will suffer any prejudice whatsoever from the entry of a stay. In sum, Bosch has completely failed to show that it will suffer prejudice if this Court enters a stay.

**C.    Bosch Has Effectively Stopped Prosecuting This Case**

Bosch does not dispute that it has taken no action to progress this case over the last sixteen months. Indeed, it has not served any discovery on CAP, nor has it sought to depose any CAP witnesses. Bosch also has not asked the Court to enter a new scheduling order, or even requested a status conference.[2] Put another way, ***Bosch has effectively stayed this case by its failure to act for over a year***. Bosch states that CAP did not seek the **_mandatory_** stay pursuant to 28 U.S.C.A. § 1659. This does not prevent a stay, and illustrates that a stay is appropriate as Bosch decided to move this dispute to the ITC. Given this failure to act over the last sixteen months, it is unclear why Bosch is now arguing that a stay would be inappropriate.

---

[2] As this case has been effectively stayed for a year, the Court discussed a formal stay with the parties on December 10, 2012. The parties sent a joint letter to the Court on December 14, 2012. (Exhibit A.) CAP indicated that they were "agreeable to either administratively closing the case or staying the case at this juncture." Notably, since that time, Bosch has not taken any steps to prosecute the case – effectively agreeing to the stay.

4



## II. CONCLUSION

For the reasons stated above, CAP respectfully requests that this Court stay the present case pending the outcome of the co-pending ITC investigation – an investigation initiated by Bosch. Bosch cannot be heard to complain of a stay when <u>it was Bosch</u> that decided to move the dispute to the ITC.

Respectfully submitted,

By: /s/ Marc Lorelli
Mark Cantor (P32661)
John M. Halan (P37616)
Marc Lorelli (P63156)
**BROOKS KUSHMAN P.C.**
1000 Town Center, 22nd Floor
Southfield, MI  48075
Tel. (248) 358-4400 – Fax (248) 358-3351
Email: mcantor@brookskushman.com
        mlorelli@brookskushman.com
        jhalan@brookskushman.com

Dated:  June 19, 2013

*Attorneys for Defendant Corea Autoparts
Producing Corporation d/b/a CAP America*



# CERTIFICATE OF ELECTRONIC SERVICE

I hereby certify that on June 19, 2013, I electronically filed the foregoing **COREA AUTOPARTS PRODUCING CORPORATION'S REPLY IN SUPPORT OF ITS MOTION TO STAY** document with the Clerk of the Court for the Eastern District of Michigan using the ECF System which will send notification to the registered participants of the ECF System as listed on the Court's Notice of Electronic Filing.

I also certify that I have sent a copy of the paper via email to the following non-participants in the ECF System:

    Mark Hanneman
    mhannemann@kenyon.com

    By: /s/ Marc Lorelli
    Mark Cantor (P32661)
    John M. Halan (P37616)
    Marc Lorelli (P63156)
    **BROOKS KUSHMAN P.C.**
    1000 Town Center, 22nd Floor
    Southfield, MI 48075
    Tel. (248) 358-4400 – Fax (248) 358-3351
    Email: mcantor@brookskushman.com
           mlorelli@brookskushman.com
           jhalan@brookskushman.com

    *Attorneys for Defendant Corea Autoparts*
    *Producing Corporation d/b/a CAP America*

